KERRY M. L. SMITH, OSB #881033
SMITH & FJELSTAD
722 N. Main Ave.
Gresham, Oregon   97030
Telephone: (503)669-2242
Facsimile: (503)669-2249
smithandfjelstad@frontier.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ADRIAN ALANIZ,<br><br>                     Plaintiffs,<br><br>     v.<br><br>OREGON STATE HOSPITAL,<br><br>                     Defendant. | Civ. No.<br><br>COMPLAINT<br><br>(National Origin and Race Discrimination and Retaliation-Title VII)<br><br>JURY TRIAL DEMANDED |

### NATURE OF ACTION

1.  This is an action under Title VII of the Civil Rights Act of 1964 as amended by Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and/or national origin, to vindicate the rights of plaintiffs and other similarly situated persons to fair treatment and equal opportunities and to make the plaintiffs whole.  Plaintiff was, or

PAGE 1 - COMPLAINT

reasonably believed he was, subjected to a hostile environment based on race or national origin while employed with defendant. After complaining of the the hostile environment, defendant terminated his employment.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391 because the claims arose in the District of Oregon and because plaintiff was, at all material times, a resident of the State of Oregon.

3. The employment practices that plaintiffs allege were committed in the District of Oregon.

## PARTIES

4. Mr. Alaniz is a citizen of the United States and the State of Oregon. Defendant, at all material times, employed Mr. Alaniz. Mr. Alaniz is Hispanic.

5. Defendant is an agency of the State of Oregon and was, at all material times Mr. Alaniz's employer. Defendant was and is an "employer" as that term is defined under Title VII, 42 U.S.C. § 2000e *et seq*. Defendant continuously has had and does now have more than 500 employees.

## PROCEDURAL REQUIREMENTS

6. Plaintiffs filed claims with the EEOC on or about August 19, 2013. EEOC supplied plaintiff with a right to sue notice. Plaintiff has filed these claims within 90 days from the date on which he received the right to sue notice. Plaintiff's EEOC complaint encompassed the types of claims now asserted in this lawsuit.

SMITH & FJELSTAD
722 N. Main Ave.
Gresham, Oregon 97030
Telephone: (503) 669-2242 \ Facsimile: (503) 669-2249

## STATEMENT OF FACTS

7. Plaintiff began his employment with defendant as a Transportation Mental Health Aid in or around October 2009. Plaintiff always performed his job duties with defendant in a satisfactory manner.

8. Mr. Alaniz was subject to a discriminatory and harassing work environment in that he and other Hispanics were referred to in racially derogatory terms. After Mr. Alaniz complained about the discriminatory and harassing work environment he was subjected to retaliatory behavior.

9. On or about December 27, 2012, a Caucasian employee who was one of the subjects of Mr. Alaniz's prior complaints assaulted Mr. Alaniz during work hours. Defendant was aware of the assault but did not discipline the employee pursuant to defendant's policies agains work place violence.

10. On or about April 9, 2013, defendant terminated Mr. Alaniz allegedly for patient abuse. Mr. Alaniz did not engage in patient abuse. Alternatively, if Mr. Alaniz did engage in patient abuse, other similarly situated employees who are/were not Hispanic were not terminated for engaging in the same or similar behavior.

11. During the time period that defendant investigated the alleged patient abuse, defendant reassigned him to a position to which other similarly situated non-Hispanic employees were not assigned during similar investigations regarding their conduct.

## FIRST CLAIM FOR RELIEF

(Title VII Gender Discrimination - 42 U.S.C. §2000e *et seq.*)

12. Plaintiffs incorporate the allegations in paragraphs 1 through 11.

13. Defendants actions constituted unlawful employment practices in violation of Title VII including, but not limited to, subjecting plaintiff to a hostile and discriminatory work environment based on his race and/or national origin.

14. The effect of defendant's employment practices as alleged was to deprive plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee. Plaintiff suffered, and continues to suffer, severe emotional harm as a result of defendant's actions.  Plaintiff is entitled to recover for their non-economic damages in an amount to be determined at trial.

15. Plaintiff, as a result of defendant's actions, lost wages in an amount to be determined at trial.

16. Defendant's acts were part of a pattern and practice of discrimination and the court should enter an injunction prohibiting such conduct in the future.

17. Plaintiff is entitled to recover his reasonable attorney fees, expert witness expenses and litigation costs pursuant to 42 U.S.C. § 2000e-5(k).

### SECOND CLAIM FOR RELIEF

(Retaliation - 42 U.S.C. § 2000e *et seq*.)

18. Plaintiff incorporates paragraphs 1 through 11.

19. A motivating factor in the decision to terminate Mr. Alaniz from his employment with defendant and treat him negatively during the investigation was the fact that he had previously complained about a discriminatory and/or hostile work environment based on his race and/or national origin.

20.  As a result of defendant's actions, plaintiff seeks the damages alleged in paragraphs 14 through 16.

21.  Plaintiff is entitled to recover his attorney fees, expert witness expenses and litigation costs as alleged in paragraph 17.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that the court:

1.  Assume jurisdiction over each of these causes of action set forth above.

2.  Grant a permanent injunction enjoining defendant, its management personnel, employees, agents, successors and assigns, and all persons in active concert or participationn with defendant, from engaging in any employment practices that discriminates on the basis of national origin, race and/or retaliates against persons who complain of discriminatory practices in the workplace.

3.  Order defendant to institute and carry out policies, practices and programs providing for equal employment opportunities to Hispanic employees who complain about discriminatory practices and that affirmatively eradicate the effects of past and present unlawful employment practices.

4.  Order defendant to make plaintiff whole by compensating him for past and future pecuniary losses, including out of pocket expenses, lost past earnings and benefits of employment, all in such amounts as are determined at trial.

5.  Order defendant to make plaintiff whole by providing compensation for nonpecuniary losses, including physical and emotional pain and suffering, mental anguish, humiliation and embarrassment, and loss of enjoyment of life in amounts to be determined at trial.

**SMITH & FJELSTAD**
722 N. Main Ave.
Gresham, Oregon 97030
Telephone: (503) 669-2242 \ Facsimile: (503) 669-2249

6. Award plaintiff his litigation costs and his reasonable attorney fees and expert witness expenses.

7. Order defendant to pay prejudgment and postjudgment interest on all amounts due to plaintiff as a result of this action.

9. Order such further or alternative relief in favor of plaintiff as the court deems just, equitable and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

Dated: July 26, 2014.

SMITH & FJELSTAD

By: /s/ Kerry M. L. Smith
  Kerry M. L. Smith
  OSB NO. 881033
  Of Attorneys for Plaintiffs

PAGE 6 - COMPLAINT

**SMITH & FJELSTAD**
722 N. Main Ave.
Gresham, Oregon 97030
Telephone: (503) 669-2242 \ Facsimile: (503) 669-2249